# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50731-5-II |
| Respondent. | |
| v. | UNPUBLISHED OPINION |
| GINA LYNN BUSH-FORD, | |
| Appellant. | |

MAXA, C.J. – Gina Lynn Bush-Ford appeals the imposition of three mandatory legal financial obligations (LFOs) in her judgment and sentence: the criminal filing fee, the DNA collection fee, and the crime victim penalty assessment. Originally, Bush-Ford's primary argument was that imposition of mandatory LFOs conflicted with the antiattachment provision of the Social Security Act, 42 U.S.C. § 407(a), because she was receiving social security disability insurance (SSDI) benefits at the time of sentencing. We stayed this case because the Supreme Court was considering the same issue in another case.

The Supreme Court subsequently decided *State v. Catling*, 193 Wn.2d 252, 438 P.3d 1174 (2019). The court held that (1) the 2018 amendments to LFO statutes govern the imposition of the criminal filing fee and DNA collection fee, *id.* at 257-58; (2) the imposition of the crime victim penalty assessment on a person receiving SSDI does not violate 42 U.S.C. § 407(a), *id.* at 264; and (3) the judgment and sentence for a person receiving SSDI must reflect that the crime victim penalty assessment may not be satisfied out of funds subject to 42 U.S.C. § 407(a). *Id.* at 266.

The parties agree that *Catling* controls here. Therefore, we hold that (1) as the State concedes, the criminal filing fee and DNA collection fee must be stricken under the 2018 amendments to LFO statutes; (2) the imposition of the crime victim penalty assessment on Bush-Ford does not conflict with 42 U.S.C. § 407(a); and (3) the judgment and sentence must be amended to reflect that the crime victim penalty assessment may not be satisfied out of Bush-Ford's funds that are subject to 42 U.S.C. § 407(a). We remand for the trial court to implement these holdings.

## FACTS

Bush-Ford pleaded guilty to unlawful possession of methamphetamine with intent to deliver. At sentencing Bush-Ford informed the court that she was indigent and disabled, and that she was receiving SSDI benefits. In the judgment and sentence, the trial court imposed three mandatory LFOs: the $200 criminal filing fee, the $100 DNA collection fee, and the $500 crime victim penalty assessment. Bush-Ford appeals the trial court's imposition of the LFOs.

## ANALYSIS

A.    CRIMINAL FILING FEE AND DNA COLLECTION FEE

Bush-Ford argues, and the State concedes, that the criminal filing fee and DNA collection fee must be stricken. We agree.

In 2018, the legislature amended certain LFO statutes. LAWS OF 2018, ch. 269. RCW 36.18.020(2)(h) now prohibits imposition of the criminal filing fee on a defendant who is indigent as defined in RCW 10.101.010(3)(a)-(c). RCW 43.43.7541 now provides that the DNA collection fee no longer is mandatory if the offender's DNA previously had been collected as a result of a prior conviction. These statutes apply prospectively to cases pending on direct appeal. *State v. Ramirez*, 191 Wn.2d 732, 749-50, 426 P.3d 714 (2018).

Regarding the criminal filing fee, RCW 10.101.010(3)(a) states that a person is indigent if he or she is receiving public assistance such as "disabled assistance benefits." Bush-Ford's receipt of SSDI benefits falls within this definition. Therefore, RCW 36.18.020(2)(h) prohibits imposition of the criminal filing fee on her.

Regarding the DNA collection fee, the State's records show that a sample of her DNA previously has been collected. Therefore, RCW 43.43.7541 does not require the imposition of the DNA collection fee and the State does not oppose striking this fee.

B.       CRIME VICTIM PENALTY ASSESSMENT

The crime victim penalty assessment authorized under RCW 7.68.035(1) remains a mandatory LFO after the 2018 amendments. *Catling*, 193 Wn.2d at 259. In fact, RCW 9.94A.760(1) now provides that an offender's indigence is not grounds for failing to impose the crime victim penalty assessment. Therefore, we must address whether this assessment can be assessed and collected against a person such as Bush-Ford who receives SSDI.

42 U.S.C. § 407(a), the Social Security Act's antiattachment provision, states:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

Under this statute, "Social Security moneys cannot be reached to satisfy a debt." *Catling*, 193 Wn.2d at 260.

The Supreme Court in *Catling* established that the imposition of the crime victim penalty assessment on a person receiving SSDI does not violate 42 U.S.C. § 407(a). *Id.* at 264. However, the court also held that the crime victim penalty assessment cannot be satisfied out of

3

funds subject to 42 U.S.C. § 407(a). *Id.* at 264-65. The court remanded for the trial court to revise the judgment and sentence to state this limitation. *Id.* at 265.

*Catling* controls here. The trial court did not err in imposing the crime victim penalty assessment on Bush-Ford. But the trial court on remand must amend the judgment and sentence to reflect that this assessment cannot be satisfied out of funds subject to 42 U.S.C. § 407(a).

## CONCLUSION

We remand for the trial court to strike the criminal filing fee and DNA collection fee. We affirm the trial court's imposition of the crime victim penalty assessment, but on remand the trial court must amend the judgment and sentence to reflect that the crime victim penalty assessment may not be satisfied out of Bush-Ford's funds that are subject to 42 U.S.C. § 407(a).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

WORSWICK, J.

MELNICK, J.